On Application for Rehearing
Rehearing denied.
JiFITZSIMMONS, Judge.
The concurring reasons set forth in the opinion are expanded at this time in light of the application for rehearing. The ambiguity in the statutory articles controlling the asserted ethical misdeeds at issue militates against categorizing the activities as violative of the code. A community action agency does not fit into the mold of a governmental entity or an agency, unless its relationship with a governmental entity would suffice. The Code of Ethics is silent as to whether a corporation’s status as a community action agency, even when such a liaison serves only a portion of the corporation’s purpose, renders that body a “public” entity or whether a previously private corporation remains private, or a “person.”
Due process requires that a statute not be so vague and indefinite that any penalty prescribed for its violation would embody an unconstitutional taking of liberty or property. U.S. Const. Amend. XIV; La. Const. Art. 1 § 2 (1974). A statute should, moreover, be interpreted to give it effect, rather than to lead to absurd or unintended consequences. State v. Union Tank Car Company, 439 So.2d 377, 382 (La. 1983). Accordingly, a proper interpretation of the statutory provisions at issue should result in a finding that the legislative provisions are not applicable to these defendants, and there was no violation.